UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF:            )        Case No:  B-1080061 C-13D
**HENRY BARBEE,**            )
**BERNICE BARBEE,**          )
                             )
         Debtor(s)           )
_____)


OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN


NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtors' plan pursuant to 11 U.S.C. §1325 and shows unto the Court the following:

1. The Debtors filed a petition under Title 11 of the United States Code, Chapter 13, on January 15, 2010, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On January 15, 2010, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The petition filed by the Debtors proposes a monthly plan payment of $495.00 for a period of at least 36 months.  There is an estimated return to general unsecured creditors of approximately zero percent (0%).  The Debtors list unsecured debt of approximately $68,655.34 in Schedule "F".

5. In Schedule "B", the Debtors list ownership of a 2001 Chevrolet Silverado truck ("the truck") having a fair market value of $10,575.00, subject to a lien in favor of Wachovia Bank ("Wachovia") in the approximate amount of $10,556.00.  As of the filing of this Objection, no claim has been filed by Wachovia.

6. The Debtors' plan provides for the direct payment of the Wachovia claim by the Debtors.

7. The Trustee objects to confirmation of the Debtors' plan in that the plan was not proposed in good faith pursuant to 11 U.S.C. §1325(a)(3).  The Trustee objects to the direct payment of the Wachovia claim.  Section 1326(c) creates a presumption

in favor of the Trustee making payments to creditors and the Debtors have not provided a sound reason to overturn that presumption. In this District, it is a well-established practice that vehicle claims, such as the claim of Wachovia, be paid through the Trustee's office.

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtors' plan not be confirmed in that the plan does not comply with the provisions of the Bankruptcy Code, specifically 11 U.S.C. §1325(a)(3) and the case be dismissed for cause pursuant to 11 U.S.C. §1307;

2. That, in the alternative, the Debtors' plan be modified to provide for the payment of the truck claim of Wachovia through the Trustee's office and the plan payment be increased to accommodate said claim; or

3. For such other and further relief as the Court may deem just or proper.

This the 19th day of March, 2010.

    s/Benjamin E. Lovell
    Benjamin E. Lovell
    Attorney for the Trustee
    State Bar No: 23266
    P.O. Box 3613
    Durham, N.C. 27702
    Telephone: (919) 688-8065

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Rd., Raleigh, NC 27615, Henry & Bernice Barbee, 1052 Martha Chapel Rd., Apex, NC 27523, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

This 19th day of March, 2010.

                                                    s/Benjamin E. Lovell
                                                    Benjamin E. Lovell, Esq.
                                                    Attorney for the Standing Trustee

3
Case 10-80061    Doc 16    Filed 03/19/10    Page 3 of 3